IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN M. TORRES,

    Petitioner,

  v.

JAMES YATES, Warden,

    Respondent.

No. C 07-00440 SBA (PR)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AND REINSTATING ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Jonathan M. Torres is a prisoner of the State of California who is incarcerated at Pleasant Valley State Prison. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his 2004 state conviction. He has paid the $5.00 filing fee.

In an Order dated August 13, 2007, the Court ordered Respondent to show cause why the petition should not be granted.

On September 13, 2007, Respondent filed a motion to dismiss the petition under the abstention doctrine (docket no. 5). Respondent claims that Petitioner's state habeas petition filed in the California Supreme Court under Case No. S153131 on May 29, 2007 was still pending as of the date the motion was filed. (Mot. to Dismiss at 2.)

Petitioner opposes the motion to dismiss. He concedes that he did file a state habeas petition on May 29, 2007 addressing the same claims raised in his federal petition. However, he claims that "[t]he clerk of the court notified the petitioner on July 18, 2007 that the habeas petition had been denied under a different number then [sic] originally given S-149309."[1] (Opp'n at 1.)

For the reasons discussed below, the Court DENIES Respondent's motion to dismiss the petition.

---

[1] The California Supreme Court's official website shows that a petitioner named "Jonathan M. Torres" filed a state habeas petition in the California Supreme Court on January 8, 2007 and that it was denied on July 18, 2007. See Torres (Jonathan) On H.C., Cal. S. Ct. No. S149309.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").

The exhaustion requirement is not jurisdictional, but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 133-34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or there are exceptional circumstances. See 28 U.S.C. § 2254(b)(1); Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances").

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts or (2) no state remedy remains available. Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc) (citations omitted).

The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. See id. In Sherwood a direct appeal was pending although the federal issues had been decided by the state courts via another procedural route. Although the Younger abstention might seem a better rationale for this

2

requirement than exhaustion, see Phillips v. Vasquez, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the requirement is nevertheless well-established in this circuit.

As mentioned above, Petitioner alleges that he filed his state habeas petition on May 29, 2007 in the California Supreme Court under Case No. S153131. Moreover, he claims that he "has only filed one habeas petition in the California Supreme Court." (Opp'n at 1.) Therefore, the Court assumes that Petitioner's one and only state habeas petition was filed under Case No. S153131. The Court conducted an independent search of the records on the California Supreme Court's official website in an effort to check on the status of Petitioner's state habeas petition and discovered that it was denied on October 17, 2007 in Torres (Jonathan M.) On H.C., Cal. S. Ct. No. S153131. Because Petitioner no longer has a pending state habeas petition in the California Supreme Court, the Court finds that his state remedies have been exhausted.

Accordingly, the Court DENIES Respondent's motion to dismiss under the abstention doctrine and reinstates the Court's August 13, 2007 order to show cause as to the now fully exhausted petition. The parties are directed to abide by the briefing schedule outlined below.

**CONCLUSION**

1. Respondent's motion to dismiss (docket no. 5) is DENIED.

2. The Court's August 13, 2007 order to show cause is reinstated. Respondent is ordered to file an answer and supporting documents within **sixty (60) days** from the date of this Order. Respondent shall file with an answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's answer.

4. This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: 6/9/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Torres0440.denyMTD(exh).wpd

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

JONATHAN M. TORRES,

        Plaintiff,

  v.

JAMES YATES et al,

        Defendant.

Case Number: CV07-00440 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan M. Torres V-41312
P.O. Box 8504
Coalinga, CA 93210

Dated: June 9, 2008

                          Richard W. Wieking, Clerk
                          By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Torres0440.denyMTD(exh).wpd